NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0144n.06
Filed: December 6, 2004

NO. 03-6410

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHRISTOPHER N. AMAECHI, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| UNIVERSITY OF KENTUCKY, | ) | |
| COLLEGE OF EDUCATION et al., | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

_____

BEFORE: DAUGHTREY and GILMAN, Circuit Judges, and RICE,[*] District Judge.

**PER CURIAM.** Plaintiff Christopher Amaechi, formerly a doctoral candidate at the University of Kentucky, filed this § 1983 action claiming that the university violated his rights under the Fourteenth Amendment when his enrollment in the doctoral program was terminated arbitrarily and without due process. The district court granted summary judgment to the defendant, holding that Amaechi had failed to establish a violation of his constitutional rights by the university or its employees. The plaintiff appeals, contending

_____

[*]The Hon. Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

that the district court should have ordered his reinstatement to the doctoral program. We find no error and affirm.

In regard to the plaintiff's procedural due process claim, the district court correctly noted that "[t]he essence of due process is the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and an opportunity to meet it," quoting *Matthews v. Eldridge*, 424 U.S. 319, 348 (1976). The district court was also correct in observing that dismissal of a student for academic reasons comports with the requirement of due process if the school has fully informed the student of the faculty's dissatisfaction with his or her performance and of the risk that the deficiencies pose to continued enrollment, and if the ultimate decision to dismiss is made carefully and with deliberation. As the district court noted, the record in this case is replete both with warnings to the plaintiff that his work was unsatisfactory and with efforts to assist him in bringing his work up to standards that would permit completion of the doctoral program. Certainly it cannot be said, based on the record, that the final decision to dismiss Amaechi was anything less than careful and deliberate.

In regard to the plaintiff's substantive due process argument, the district court assumed the existence of a constitutionally protected property right in continued enrollment in an educational program such as the one the plaintiff had undertaken but held, nevertheless, that there was no violation of the plaintiff's constitutional rights because there was no evidence that the university acted arbitrarily in dismissing Amaechi from its College of Education.

The district court, after setting out the facts at length and engaging in extensive analysis, found that there was no dispute of material fact and that the plaintiff's constitutional claims failed as a matter of law. Having studied both the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion and order filed on September 30, 2003.